UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| ANTWOINE ALLEN | ) | No. | 4:25cr056 -001 |
| RYAN BRANDT | ) | | -002 |
| HAKEEM CURRY | ) | | -005 |
| LATOYA EDWARDS | ) | | -007 |
| HASSAN HARRIS | ) | | -010 |
| BYRAN HOPKINS | ) | | -011 |
| BRIAN HORNE | ) | | -012 |
| ANTHONY JERNIGAN | ) | | -014 |
| LEROY JONES | ) | | -016 |
| ROBINSON LAZALA | ) | | -018 |
| KYLE OREE | ) | | -020 |
| RAVEN SYMONE ROBERTS | ) | | -022 |
| KEISHAUN SNEAD | ) | | -023 |
| JAMES THORNE | ) | | -026 |
| TRAVARIUS WALKER | ) | | -028 |
| JOSEPH WASHINGTON | ) | | -029 |
| MICHAEL ANTHONY WILLIAMS | ) | | -030 |
| | ) | | |
| Defendants. | ) | | |

1

## RESPONSE TO GOVENRMENT'S MOTION TO SEAL *EX PARTE* MEMORANDUM AND EXHIBITS RELATED TO GOVERNMENT'S FILINGS

On September 19, 2025, the government filed a second motion for protective order. (Doc 496) The motion refers to a "Supplemental Memorandum filed in support of [that] motion, *in camera ex parte*" and an "*ex parte* filing." (Doc 496-Pgs 17, 19-20, 23) On September 22, 2025, the government filed a motion to seal its *ex parte* supplemental memorandum and related exhibits. (Doc 498) The government described the contents of the supplemental memorandum and related exhibits "that have yet to be filed in that response" as follows:

> The memorandum contains reference to a number of exhibits concerning wiretapped communications . . . The Court ordered these documents to be sealed at the time of filing.[1] In addition, the memorandum discusses other evidence which is at the heart of the Government's Protecti[ve] Order and for which premature disclosure would cause risk to witnesses or other individuals.

---

[1] It is not entirely clear what the government means by this statement. The government's second motion for protective order suggests that a supplemental memorandum and exhibits have been filed, while the motion to seal suggests that they have not been filed. There is no docket entry suggesting a sealed motion or sealed court order. Generally speaking, Title III applications and orders – both initially and at renewal – are filed under seal, and the motion to seal those proceedings is presumptively under seal itself. *E.g.,* LR Crim. 49.1(b)(3)(C).

(Doc 498-Pg 1)

Notably, the government does not represent that it has filed a motion to ask the Court to consider this supplemental memorandum and attached exhibits ex parte. Instead, it has filed a motion to seal the supplemental memoranda and attached exhibit, and to limit access to the Court, any reviewing court, and the government. (Doc 498-Pg 3) The government's request for sealing proposes that defense counsel *never* allow access to these documents. (Doc 498-Pg 3 & ¶6)

These defendants oppose the government's motion because the government has not moved for an ex parte proceeding; this is not the type of issue appropriate for an ex parte consideration; the government has not made an adequate showing for a wholesale sealing of the supplemental memorandum and exhibits; and even if the Court disagrees with these propositions, sealing the supplemental memorandum and exhibits to prevent defense counsel's access to them forever does nothing more than give the government a strategic advantage and denies defendants due process.

1. **The government has not moved for an ex parte proceeding.**

Although not cited by the government, Federal Rule of Criminal

Procedure makes this provision:

> At any time the court *may*, for good cause, deny, restrict, or defer
> discovery or inspection, or grant other appropriate relief. The
> court may permit a party to show good cause by written statement
> that the court will inspect ex parte. If relief is granted, the court
> must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1) (emphasis added).

A party must ask the Court to make its showing ex parte, and the

Court must then determine if an ex parte hearing is appropriate. This is

what the Committee envisioned in the 1975 enactment of the current

version of Rule 16:

> The Committee changed subdivision (d)(1), which deals with
> protective orders. Proposed (d)(1) required the court to conduct an
> ex parte proceeding whenever a party so requested. The
> Committee changed the mandatory language to permissive
> language. *A Court may, not must, conduct an ex parte proceeding
> if a party so requests*. Thus, if a party requests a protective or
> modifying order and asks to make its showing ex parte, the court
> has two separate determinations to make. First, it must
> determine whether an ex parte proceeding is appropriate, bearing
> in mind that ex parte proceedings are disfavored and not to be
> encouraged. [An ex parte proceeding would seem to be appropriate
> if any adversary proceeding would defeat the purpose of the
> protective or modifying order. For example, the identity of a
> witness would be disclosed and the purpose of the protective order
> is to conceal that witness' identity.] Second, it must determine
> whether a protective or modifying order shall issue . . . .

Fed. R. Crim. P. 16, Adv. Comm. Notes (1975 enactment)(emphasis added)("1975 Notes").

Here, the government apparently has not moved to file the supplemental memorandum and related exhibits ex parte, to which the defense could respond and which the Court would then have the discretion to accept or reject. *See United States v. Mostafa*, 992 F. Supp.2d 335, 339 (S.D.N.Y. 2014)(noting in Classified Information Procedures Act case that CIPA and Rule 16(d)(1) authorize ex parte proceedings, that the government requested to file its CIPA application ex parte, that the defendant objected to that request, and that Court had discretion to proceed ex parte). The closest it comes is in the motion to seal:

> [T]he Government seeks to submit its Supplemental Memorandum and related exhibits *ex-parte* under seal for *in-camera* review by the Court, and any future reviewing court.

(Doc 498-Pg 2) It cites nothing to support its ex parte request. *E.g.,* LR Crim. 12(e)("[e]very motion must specify the statute, rule, or legal principle at issue"). The implication in the government's motion seal is that the Court should automatically consider the supplemental memorandum and exhibits ex parte if it decides to seal those

documents. That is not the standard, especially given the 1975 Notes and binding and persuasive authority about how disfavored ex parte proceedings are.

Given that the government has not formally requested ex parte consideration, the Court should decline to consider its supplemental memorandum and exhibits ex parte.

## 2. **This is not the type of issue appropriate for ex parte consideration.**

"Ex parte communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires 'a reasonable opportunity to know the claims of the opposing party and meet them.'" *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986)(issuing grant of mandamus to release transcripts of ex parte proceeding to defense counsel), *citing Morgan v. United States*, 304 U.S. 1, 18 (1938). Ex parte conferences are not unconstitutional, but they "should occur but rarely, especially in criminal cases." *United States v. Adams*, 785 F.2d 917, 920 (11th Cir. 1986)(finding ex parte conference at trial to discuss threats against a testifying witness was proper where trial court followed procedures to ensure that conference

was fair, like not discussing witness's inculpatory testimony and having entire conference transcribed).

A sister circuit "has not concealed its strong disapproval of ex parte approaches in criminal cases, reasoning that giving the government private access to the ear of the court is not only 'a gross breach of the appearance of justice,' but also a 'dangerous procedure'." *United States v. Carmichael*, 232 F.3d 510, 517 (6th Cir. 2000). "They should be avoided whenever possible and, even when they are appropriate, their scope should be kept to a minimum." *United States v. Napue*, 834 F.2d 1318, 1318 (7th Cir. 1987). "*Ex parte* communications between the government and the court deprive the defendant of notice of the precise content of the communications and an opportunity to respond." *Id*.

Rule 16(d)(1) permits a court to exercise its discretion "to show good cause by written statement that the court will inspect ex parte . . . ." *See* Fed. R. Crim. P. 16(d)(1). Calling ex parte proceedings "disfavored" and "not encouraged," the Advisory Committee observed that ex parte proceeding may be "appropriate if any adversary proceeding would defeat the purpose of the protective or modifying

order," like disclosing the identity of a witness whose identity the protective order seeks to conceal. *See* 1975 Notes.

"Most often, *ex parte* hearings in this context occur when the government attempts to protect classified information that has been requested by the defendant by showing the court that it is not material." *United States v. George*, 786 F. Supp. 11, 17 (D.D.C. 1991)(discussing in context of Rule 16 and in defendant's request for an ex parte determination of materiality); *accord* Fed. R. Crim. P. 16, Adv. Comm. Notes (1966)(observing that "among in the considerations" in a Rule 16(d)(1) motion is "the protection of information vital to national security"). The *George* court denied the defense's request for an ex parte hearing. Notably, it was not a case where "an adversary hearing would reveal the information and make the discovery question moot"; instead, George would "lose nothing more than a strategic advantage" and identified no basis to keep that strategy hidden. *George*, 786 F. Supp. at 17. The district court saw no reason to engage in a "quite rare" ex parte proceeding or "resort to such unusual procedures at this early stage of the case." *Id*.

In cases not involving national security, courts have allowed ex parte hearings under Rule 16(d)(1) where an adversary proceeding would have "defeated the very purpose of the requested order by revealing" the information sought to be protected. *United States v. Rich*, 578 F.2d 701, 707 (8th Cir. 1978)(finding that district court properly held ex parte hearing where government declined to disclose to Rich recordings of her voice given its concern for the safety of cooperators; trial court concluded that tapes contained no *Brady* material; government made no use of tapes at trial; and government stated it made no use at trial of any evidence derived from tapes); *see also United States v. Hamaker*, 455 F.3d 1316, 1327-28 & n. 11 (11th Cir. 2006) (noting that Rule 16(d)(1) permitted an ex parte hearing where trial court considered and approved government's not disclosing to defense that a trial witness was a confidential informant in an out-of-state investigation).

These discovery materials are not national secrets. This is the discovery that allegedly supports the government's lengthy speaking indictment. While the government's second motion for protective order expresses concern about revealing the identifies of uncharged

coconspirators, cooperating witnesses, and confidential informants (Doc 496-Pgs 10-11), the indictment identifies some unindicted individuals by initials or by name. (Doc 3-Pgs 12-15, 17-20, 35) The stated goal of the government's proposed ex parte filing is to prevent "premature disclosure" to avoid "risk to witnesses or other individuals." (Doc 498-Pg 1) But the actual aim appears to be the government's desire to arrive at a protective order it finds palatable.

Even the government allows that defense counsel – and under certain (disputed) conditions, the defendants – should have pretrial access to discovery materials. Indeed, its proposed revised protective order would require "All Discoverable Materials . . . in this case [to] be kept in the care, custody, and control of counsel for the named defendants and the court appointed Coordinating Discovery Attorney. . . ." *See* Exhibit 1 at 2.[2] But it does not want defense counsel to have access to its supplemental memorandum and attached exhibits – now or

---

[2] The government did not file its proposed protective order on the public record but forwarded it to the courtroom deputy and defense counsel. Except for the provision allowing the CDA to receive the discovery, it is identical to the protective order accompanying the first motion. (*Compare* Exhibit 1 and Doc 454-1)

*ever*[3] – to determine whether the government has met its burden of proving entitlement to a protective order.

A final concern is that the government seeks to file an ex parte memorandum, which "contains reference to a number of exhibits" and "discusses other evidence which as at the heart of the Government's Protection Order . . . ." (Doc 498-Pg 1) Ex parte proceedings cannot be used by a party to divulge its prosecutorial or defense theories to allow a court to "make informed rulings on the [party's] motions." *See United States v. Langford*, 2009 WL 10671369 at *26 (N.D. Ala. 2009). A supplemental memorandum with "discuss[ion]" seems less a disclosure of supporting evidence and more a chance for advocacy that the defense has no opportunity to rebut.

Since the government has not moved for or established a basis for the Court to consider the supplemental memorandum and exhibits ex parte, the Court should decline to do so.

---

[3] "The United States further requests that access and use of the sealed materials be limited to the Government, the Court and any future reviewing court." (Doc 498-Pg 3)

3. **The government has not made an adequate showing for a wholesale sealing of the supplemental memorandum and exhibits.**

Court proceedings carry a presumption of openness under the First Amendment. *See United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005). To overcome the presumption of openness, a party must show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up). Before it may seal documents, "a court must articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* (cleaned up).

To that end, the local rules provide guidance about the scope of sealing:

> Requests for sealing should be narrowly tailored to the specific text, page, or portion of any material that warrants sealing. A party should not request sealing an entire filing, unless necessary.

LR Crim. 49.1(a)(2).

The government asks the Court to seal the "*entirety* of the Supplement[al] Memorandum and related exhibits." (Doc 498-Pg 2)(emphasis added). The government's motion to seal gives few details

about what the supplemental memorandum and related exhibits

contain, other than

- "The memorandum contains reference to number of exhibits containing wiretapped communications," which "[t]he Court ordered . . . sealed at the time of filing. . . ." (Doc 498-Pg 1)[4]

- "[T]he memorandum discusses other evidence which is at the heart of the Government's Protecti[ve] Order and for which premature disclosure would cause risk to witnesses or other individuals." (Doc 498-Pg 1)

- "In this matter, many of [the] targets of this investigation have been arrested and formally charged however some individuals mentioned in the exhibits were never charged or arrested. For persons who have not been charged with a crime, the disclosure of these investigative materials, including information about the focus of criminal investigation, may create an unfair outcome, as they have no formal way to rebut the materials. Said documents amount to an accusation of a crime with no recourse to challenge the accusation." (Doc 498-Pg 2)

- "[T]he documents contain evidence relating to witnesses that may face retribution if these materials were made public at the time." (Doc 498-Pg 2)

---

[4] As discussed in footnote 1, it is unclear what the government means by wiretapped communications that "[t]he Court ordered . . . sealed at the time of filing." The indictment itself seems to recite calls made during the period of the "multiple wiretaps" mentioned in the government's second motion for protective order. (Doc 3-Pgs 15-16, 19-21, Doc 496-Pg 10)

The government's stated goal is to "protect the reputation and privacy of uncharged individuals and to protect the premature disclosure of witnesses. . . . ." (Doc 498-Pg 2) If the local rules require sealing to be "narrowly tailored" to the portion of the material requiring sealing, the government could achieve this end by redacting only the names of the "uncharged individuals" and "witnesses" whom the government contends face threats to their reputation, privacy, and safety.[5]

Assuming that the government's citation to two civil cases and its broad assertion of harm suffice for sealing, *see generally* LR Crim 49.1(b)(1)(B), the supplemental memorandum and exhibits should not be sealed in their entirety. Instead, the Court should order the government to redact the names of uncharged individuals and witnesses in the public filing. *See* LR Crim 49.1(a)(2), (b)(1)(E), (b)(2).

---

[5] This would not include every single person named in those documents; for instance, the indictment identifies some uncharged individuals by initials or name. (Doc 3-Pgs 12-15, 17-20, 35) If those individuals appear in the exhibits, they should be identified as they were in the indictment. The names of the defendants themselves should not be sealed.

**4.** **<u>Even if the Court disagrees with these propositions,
sealing the supplemental memorandum and exhibits to
prevent defense counsel's access to them forever does
nothing more than give the government a strategic
advantage and deprive the defendants of due process.</u>**

Even if the Court finds that the entire supplemental
memorandum and exhibits or some portion thereof should be filed
under seal, it should allow defense counsel access to the sealed
Tinformation. *See* LR Crim. 49.1(b)(1)(C). Defense counsel's access
should start at the time of filing, or barring that, after the government
provides the discovery materials to counsel.[6]

The government has asked the Court to seal its supplemental
memorandum and exhibits, and to limit "access and use of the sealed
materials . . . to the Government, the Court and any future reviewing
court." (Doc 498-Pg 3) Notably absent from this list is defense counsel.

If the Court permits any sealed filing, defense counsel should be
given access from the outset to what the government files. Doing so
would eliminate the serious concerns that arise from the government's

---

[6] The government has not produced discovery to defense counsel, other
than roughly 20 pages of a 10 TB production to defendant Hopkins in
response to his motion to compel. (Doc 474) The government has
resisted requests to provide only the CDA with the discovery to allow
her to begin processing it, a job that will take several weeks.

intention to provide these documents to the Court ex parte and would allow the defense to counter the government's arguments in sealed pleadings of their own.

If the Court does not authorize immediate disclosure of any sealed proceedings to defense counsel, it should not limit their access to these documents indefinitely, as the government requests. (Doc 498-Pg 3) When the Court resolves the government's second motion for protective order, counsel will have access to the discovery, which presumably includes these sealed materials. *See* Exhibit 1. Access to any sealed pleading after defense counsel have access to the discovery itself would allow defense counsel to raise any concerns they have with the government's stated bases for the protective order and seek reconsideration, if necessary.

Access is particularly appropriate if the Court decides to consider the government's supplemental memorandum and exhibits ex parte. Due process requires that an opposing party have access to the transcript of an ex parte hearing. *See Paradyne*, 803 F.2d at 612 (stating that even if ex parte conferences are justified, "a transcript of the encounter usually is provided [to the other party] to ensure that one

party has not gained any unfair advantage before the court," even if the transcript itself remains sealed). This should be true of any ex parte showing to prevent the defendants from suffering violations of their constitutional rights.

Respectfully submitted this 26th day of September, 2025.


**For Defendant 1, Antwoine Allen:**

/s/ A.J. Balbo
A.J. Balbo
Georgia Bar No. 142606

**For Defendant 2, Ryan Brandt:**

/s/ Garrett R. Greiner
Garrett R. Greiner
Georgia Bar No. 874451

**For Defendant 5, Hakeem Curry:**

/s/ Thomas A Withers
Thomas A Withers
Georgia Bar No. 772250

**For Defendant 7, Latoya Edwards:**

/s/ Karin Kissiah
Karin Kissiah
Georgia Bar No. 263172

/s/ Michael Schwartz
Michael Schwartz

Georgia Bar No. 966017

**For Defendant 10, Hassan Harris:**

/s/ Clayton L. Jolly III.
Clayton L. Jolly III
Georgia Bar No. 398047

**For Defendant 11, Byran Hopkins:**

/s/ Amy Lee Copeland
Amy Lee Copeland
Georgia Bar No. 186730

/s/ D. Todd Doss
D. Todd Doss
Florida Bar No. 910384

**For Defendant 12, Brian Horne:**

/s/ Eric F. Kramer
Eric F. Kramer
Georgia Bar No. 300160

**For Defendant 14, Anthony Jernigan:**

/s/ Scott Reddock
Scott Reddock
Georgia Bar No. 476162

**For Defendant 16, Leroy Jones:**

/s/ M. P. Hicks, III
M. P. "Trey" Hicks, III
Georgia State Bar No:  351337

**For Defendant 18, Robinson Lazala:**

/s/ Katie A. Brewington
Katie A. Brewington
Georgia Bar No. 192610

**For Defendant 20, Kyle Oree:**

/s/ Ryan D. Langlois
Ryan D. Langlois
Georgia Bar No. 905228

**For Defendant 22, Raven Symone Roberts:**

/s/ Maria Mekras Justus
Maria Mekras Justus
Georgia Bar No. 947906

**For Defendant 23, Keishaun Snead:**

/s/ Justin Maines
Justin Maines
Georgia Bar No. 549279

**For Defendant 26, James Thorne:**

/s/Anthony J. Poulos
Anthony J. Poulos
Georgia Bar No: 994135

**For Defendant 28, Travarius Walker:**

/s/ Adrienne B. Browning
Adrienne B. Browning
Georgia Bar No. 974637

**For Defendant 29, Joseph Washington:**

/s/ Andrew S. Johnson
Andrew S. Johnson
Georgia Bar No. 107116

**For Defendant 30, Michael Anthony Williams:**

/s/ Kurtis C Bronston
Kurtis C. Bronston
Georgia Bar No. 487117

**CERTIFICATE OF SERVICE**

I have served all parties of record with this response by filing it on

the Court's EC/CMF portal, which generates a notice of electronic filing

with a link to a file-stamped .pdf copy of this notice emailed to all

counsel of record.

This 26th day of September, 2025.

/s/ Amy Lee Copeland
Amy Lee Copeland
Georgia Bar No. 186730

Rouse + Copeland, LLC
602 Montgomery Street
Savannah, Georgia 31401
912.807.5000
ALC@roco.pro

21