UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:25-CR-056 |
| | ) | |
| ANTWOINE ALLEN | ) | 001 |
| RYAN BRANDT | ) | 002 |
| HAKEEM CURRY | ) | 005 |
| LATOYA EDWARDS | ) | 007 |
| HASAN HARRIS | ) | 010 |
| BYRAN HOPKINS | ) | 011 |
| BRIAN HORNE | ) | 012 |
| ANTHONY JERNIGAN | ) | 014 |
| LEROY JONES | ) | 016 |
| ROBINSON LAZALA | ) | 018 |
| KYLE OREE | ) | 020 |
| RAVON SYMONE ROBERTS | ) | 022 |
| KEISHAUN SNEAD | ) | 023 |
| JAMES THORNE | ) | 026 |
| TRAVARIUS WALKER | ) | 028 |
| JOSEPH WASHINGTON | ) | 029 |
| MICHAEL ANTHONY WILLIAMS | ) | 030 |
| | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO SEAL *EX-PARTE* MEMORANDUM AND EXHIBITS RELATED TO GOVERNMENT'S FILINGS**

COMES NOW, the United States of America, by Margaret E. Heap, United States Attorney for the Southern District of Georgia, Frank M. Pennington, II, Assistant United States Attorney, David L. Jaffe, Chief of the Department of Justice Violent Crime and Racketeering Section, and Lisa M. Thelwell, Trial Attorney, files this reply in support of its motion to seal the Government's *Ex Parte* Supplemental Memorandum

1

and related exhibits to the Government's Second Motion For Protective Order (Doc. 496), and asserts as follows:

1. On August 14, 2025, the government filed a Motion for Protective Order for Discovery Materials. Doc. 454.

2. On August 27, 2025, defendant Hopkins filed a response in opposition to the government's motion requesting a protective order, asserting among many things, that the government had not submitted an *ex parte* statement in accordance with Fed. R. Crim. P. 16(d)(1). Doc. 465 at 8. Hopkins complained that the government's motion "refer[red] broadly to the allegations in the indictment, the investigation, the discovery material, and what it 'has learned over years of prosecuting cases involving racketeering and gang activity.'" *Id.* (citing Doc. 454 at 1-4). No other defendant objected to the government's motion.

3. On September 2, 2025, the court denied the government's request for a protective order, finding that the government's motion did not make the requisite showing of good cause. *See* Doc. 466. The court agreed with Hopkins that the government's motion "relie[d] only on stereotyped and conclusory statements." *Id.* 466 at 3 (citations omitted). In denying the government's motion, however, the court stated, "[t]o accommodate any concern with disclosing particularly sensitive information or litigation strategy, the Rule expressly permits that a party may "show good cause by a written statement that the court *will* inspect ex parte." *Id.* at 3, n. 1. (quoting Fed. R. Crim. P. 16(d) (emphasis added).

4. On September 12, 2025, the government indicated its intent to file a Second Motion for Protective Order for Discovery Materials and supporting materials, *ex parte*, no later than Friday, September 19, 2025. Doc. 480 at 6; *see also* Doc. 481 at 4-5.

5. On September 19, 2025, the government filed its Second Motion for Protection Order. Doc. 496. In the motion, the government referenced its *Ex Parte* Supplemental Memorandum and related exhibits (collectively, "the Memorandum"). Doc. 496. Shortly thereafter, on September 22, 2025, the government filed the Memorandum and Motion to Seal the Supplement Memorandum and Exhibits. Docs. 497, 498, respectively.

6. On September 26, 2025, defendant Hopkins, as well as several other defendants, filed a Response in Opposition to the Government's Motion to Seal *Ex Parte* Memorandum and Exhibits Related to Government's Filings. Doc. 512. In its response, the defendants allege: 1) the government did not follow the correct procedure because it had not moved the court for an *ex parte* proceeding; (2) "this is not the type of issue appropriate for ex parte consideration;" and (3) the government has not made an adequate showing for a wholesale sealing of the supplemental memorandum and exhibits." *Id*. at 6.

7. Federal Rule of Criminal Procedure 16(d) provides in pertinent part, "[t]he court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal." Rule 16's advisory committee notes provides:

3

> In some cases it would defeat the purpose of the protective order if the government were required to make its showing in open court. The problem arises in its most extreme form where matters of national security are involved. Hence a procedure is set out where upon motion by the government the court may permit the government to make its showing, in whole or in part, in a written statement to be inspected by the court in camera. If the court grants relief based on such showing, the government's statement is to be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal by the defendant."

Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment. "Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment.

8. As stated in the Government's Second Motion for Protection Order, as well as in the Government's Motion to Seal *Ex-Parte* Memorandum and Exhibits Related to Government's Filings, the Memorandum discusses evidence that could place witnesses and other individuals at risk of harm or retribution if disclosed prematurely, especially on the public docket. In addition, some of the evidence identifies coconspirators and others not formally charged. Disclosure of this evidence could not only subject those individuals to undue scrutiny but may also alert uncharged individuals to evidence and acts currently under investigation.

9. Moreover, the court specifically addressed the filing of an *ex parte* statement in its denial of the government's first Motion for Protective Order. Doc. 466. In the order, the court explained that to demonstrate good cause the movant cannot rely only "on stereotyped and conclusory statements." *Id.* at 3. The court

4

recognized that not all information is subject to public consumption and specifically stated, "[t]o accommodate any concern with disclosing particularly sensitive information or litigation strategy, the Rule expressly permits that a party may 'show good cause by a written statement that the court will inspect ex parte.'" *Id.* at 3, n. 1. (citing Fed. R. Crim. P. 16(d)). The court also stated, "[t]o the extent that the Government might seek to refile a renewed motion for protective order, it would do well to anticipate these issues." Doc. 466, at 4, n.3. In reviewing Rule 16(d), defendant Hopkins initial objection, and the court's ruling considering footnotes 1 and 3, the government filed its Second Motion for Protection Order and the Memorandum, *ex parte*, to demonstrate with factual particularity that good cause exists in this case to issue the requested protective order for discovery materials.

10. The government submits that its motion to seal (Doc. 498) is the motion by which the government requests the court review the Memorandum (its written statement in support of its Second Motion for Protective Order) *ex parte* and under seal. To the extent it may be necessary, the government specifically moves this court to review the Memorandum *ex parte* as authorized by Rule 16(d) for the reasons stated above and as stated in the Memorandum.

4. The United States further moves that the entirety of the Memorandum remain under seal in accordance with Rule 16(d). The United States asserts that "the court must preserve the entire text of the [government's] statement under seal." Fed. R. Crim. P. 16(d)(1). "[T]he statement is to be sealed and preserved in the records of

the court to be made available to the appellate court in the event of an appeal by the defendant." Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment.

6. The United States further requests that access and use of the sealed materials be limited to the government, the court, and any future reviewing court.

WHEREFORE, the government respectfully moves the court to grant the Government's Motion to Seal *Ex-Parte* Memorandum and Exhibits Related to Government's Filings and limit review of the government's Supplemental Memorandum and related exhibits to an *in camera ex parte* inspection in accordance with Rule 16(d)(1).

Respectfully submitted this 29th day of September 2025.

                          MARGARET E. HEAP
                          UNITED STATES ATTORNEY

By: */s/ Frank M. Pennington, II*
     Frank M. Pennington, II
     Assistant United States Attorney
     Georgia Bar Number 141419

     */s/ Lisa M. Thelwell*
     Lisa M. Thelwell
     Trial Attorney
     Florida Bar Number 100809
     U.S. Department of Justice - Criminal Division
     Violent Crime & Racketeering Section